DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
JAMES M. PEARL (S.B. #198481)
jpearl@omm.com
AMY R. LUCAS (S.B. #264034)
alucas@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Defendants
Bank of America Corporation and Bank of
America, National Association

ROBERT S. FRIEDMAN (*pro hac vice* pending)
rfriedman@sheppardmullin.com
JEFF KERN (*pro hac vice* pending)
jkern@sheppardmullin.com
THOMAS M. MONAHAN (S.B. #277536)
tmonahan@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:   (212) 653-8701

Attorneys for Defendant Michael J. Bock

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT J. FREENEY, an individual; ROOF GROUP LLC, a California limited liability company,<br><br>                    Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; BANK OF AMERICA, NATIONAL ASSOCIATION, a nationally chartered banking association; MICHAEL J. BOCK, an individual; and DOES 1-20, inclusive,<br><br>                    Defendants. | Case No. 2:15-CV-02376<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441, and 1446**<br><br>**(Los Angeles County Superior Court Case No. BC 573275)** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. sections 1441(a)-(b) and 1446(a), defendants Bank of America Corporation; Bank of America, National Association; and Michael J. Bock (collectively, "defendants") hereby remove to this Court the above-referenced action brought by plaintiffs Dwight J. Freeney and Roof Group LLC (collectively, "plaintiffs") in the Superior Court of the State of California, County of Los Angeles, based on the following grounds:

## I. BACKGROUND

1. On February 23, 2015, plaintiffs filed a Complaint in the Superior Court for the State of California, County of Los Angeles, styled and captioned as above, and the case was assigned Case No. BC 573275 (the "State Court Action"). True and correct copies of the Complaint, all process, pleadings, and orders served upon defendants in the State Court Action are attached hereto as Exhibits A-G.

2. On March 2, 2015, defendants were served with the Complaint. On March 12, 2015, the Superior Court issued an order determining the case to be non-complex, and the case was assigned to Judge Teresa Sanchez-Gordon in Department 74. On March 17, 2015, the Superior Court noticed a June 25, 2015 Case Management Conference. On March 25, 2015, plaintiffs filed a Peremptory Challenge to Judicial Officer under California Code of Civil Procedure 170.6. (*See* Exs. B-G.) No other process, pleadings, or orders has been served upon defendants in the State Court Action.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION AND DIVERSITY JURISDICTION

### A. Federal Question Jurisdiction

3. The Court has original jurisdiction over this action under 28 U.S.C. section 1331 because it arises under the federal Racketeer Influenced and Corrupt

DEFENDANTS' NOTICE OF REMOVAL

Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*  *See Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 574 (9th Cir. 2004) (holding district court properly exercised jurisdiction over RICO claims because "[a]ny non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits"); *see also Poulos v. Caesars World, Inc.*, 379 F.3d 654, 662 (9th Cir. 2004) ("The district court has jurisdiction over the underlying RICO action under 28 U.S.C. § 1331 (providing jurisdiction over federal questions).").  The Complaint alleges that defendants were "engaged in, and its activities affected, interstate commerce," (*e.g.*, Complaint ¶ 305), and plaintiffs' first five causes of action are for alleged violations of the federal RICO statute under 18 U.S.C. sections 1962 and 1964.  (*Id*. ¶¶ 298-339)*.*  Moreover, plaintiffs allege a host of predicate acts arising under federal law.  (*Id*. ¶¶ 307-320.)

4.      Plaintiffs' RICO claims fall within the federal question jurisdiction of this Court under 28 U.S.C. sections 1331, and therefore removal of the State Court Action is proper under sections 1441(a) and 1446(a).  This Court has supplemental jurisdiction over plaintiffs' pendent state law claims, all of which are so related to the claims arising under federal law that they form part of the same case or controversy under 28 U.S.C. section 1367(a).

**B.     Diversity Jurisdiction**

5.      The Court also has subject matter jurisdiction over this action under 28 U.S.C. sections 1332(a) and 1441(a)-(b), because the parties are completely diverse, the amount in controversy exceeds $75,000, and no defendant is a citizen of the State in which the action was brought.

6.      The Complaint alleges that plaintiff Dwight J. Freeney resides in the County of San Diego, State of California.  (Complaint ¶ 26.)  Plaintiff Freeney is therefore a citizen of California for diversity purposes.

7.      Citizenship of a limited liability company is determined by reference to citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437

DEFENDANTS' NOTICE OF REMOVAL

F.3d 894, 899 (9th Cir. 2006). The Complaint alleges that plaintiff Roof Group LLC is a limited liability company whose only member is Dwight J. Freeney, a resident and citizen of California. (Complaint ¶¶ 26, 44.) Plaintiff Roof Group LLC is therefore also a citizen of California for diversity purposes.

8. The citizenship of a corporation for purposes of determining diversity jurisdiction is based on the place of incorporation and the principal place of business. 28 U.S.C. § 1332(c). At the time this action was filed and presently, and as alleged in the Complaint, defendant Bank of America Corporation is incorporated in Delaware with its principal place of business in Charlotte, North Carolina. (Complaint ¶ 28.)

9. The citizenship of a national banking association is determined by the State in which it is located. 28 U.S.C. § 1348; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Defendant Bank of America, National Association is a federally chartered national banking association headquartered in Charlotte, North Carolina. (Complaint ¶ 28.)

10. Defendant Michael J. Bock resides in Florida, and thus is a citizen of Florida for purposes of diversity jurisdiction. (*Id.* ¶ 29.)

11. The Complaint also names 20 "Doe" defendants. For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

12. The amount in controversy in this case exceeds the sum of $75,000. When removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Although defendants do not concede that plaintiffs are owed any amount whatsoever, the Complaint states that defendants allegedly caused plaintiffs "more than $20 million in out-of-pocket losses," (Complaint ¶ 1), and seeks "in excess of $20 million" in damages. (*Id*. ¶ 323.)

DEFENDANTS' NOTICE OF REMOVAL

13.     Because complete diversity exists and the amount in controversy exceeds $75,000, removal is proper under 28 U.S.C. sections 1332(a) and 1441(b).

## III.     REMOVAL IS PROCEDURALLY PROPER

14.     Copies of all process, pleadings, and orders served upon defendants in the State Court Action are attached hereto as Exhibits A-G.  28 U.S.C. § 1446(a).

15.     This Notice of Removal is timely under 28 U.S.C. section 1446(b) because it was filed within 30 days of defendants' receipt of the Complaint through service on March 2, 2015.  (*See* Exs. B-D.)

16.     Venue is proper in this district and division because the Superior Court for the County of Los Angeles is located within the Central District of California of the United States District Court, and thus this venue is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

17.     A copy of this Notice of Removal will be served on plaintiffs' counsel and a copy filed with the Clerk for Department 74 of the Los Angeles Superior Court, as required under 28 U.S.C. section 1446(d).

18.     All named defendants hereby consent to and join in this removal.

## IV.     NO WAIVER OF DEFENSES OR OBJECTIONS

19.     By removing this case to federal court, defendants do not consent to personal jurisdiction, do not concede that this Court is a convenient forum, and do not waive any of their defenses or objections under Federal Rule of Civil Procedure 12(b) or otherwise, including their right to have this dispute arbitrated or decided by other means of alternative dispute resolution.  *See, e.g.*, *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 300-01 (9th Cir. 1986); *Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002).

WHEREFORE, defendants respectfully request that this action be brought to this Court, and that this Court exercise its jurisdiction over the case in its entirety.

DEFENDANTS' NOTICE OF REMOVAL

1

2    Dated:  March 31, 2015          DANIEL M. PETROCELLI
                                     JAMES M. PEARL
3                                    AMY R. LUCAS
                                     O'MELVENY & MYERS LLP
4

5                                    By:    /s/ Daniel M. Petrocelli
                                            Daniel M. Petrocelli
6                                    Attorneys for Defendants
                                     Bank of America Corporation and Bank of
7                                    America, National Association

8
                                     ROBERT S. FRIEDMAN
9                                    JEFF KERN
                                     THOMAS M. MONAHAN
10                                   SHEPPARD, MULLIN, RICHTER &
                                     HAMPTON LLP
11

12
                                     By:    /s/ Jeff Kern
13                                          Jeff Kern
                                     Attorneys for Defendant Michael J. Bock
14

15                        **ATTESTATION**

16
        I hereby attest that the other signatories listed, on whose behalf the filing is
17
submitted, concur in the filing's content and have authorized the filing.
18

19      Dated:  March 31, 2015          O'MELVENY & MYERS LLP

20                                   By:    /s/ Daniel M. Petrocelli
                                            Daniel M. Petrocelli
21

22

23

24

25

26

27

28

                                   - 6 -        DEFENDANTS' NOTICE OF REMOVAL