1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DWIGHT J. FREENEY, *et al*., | Case No.: 2:15-CV-02376-JGB(PJWx) |
| Plaintiffs, | **PROTECTIVE ORDER** |
| vs. | **[DISCOVERY MATTER]** |
| BANK OF AMERICA CORPORATION, *et al*., | [Filed concurrently with Stipulation for Proposed Protective Order] |
| Defendants. | Assigned to Hon. Patrick J. Walsh Courtroom No. 23 |

11
12
13
14
15
16
17
18
19

**Complaint Filed:**  Feb. 23, 2015
**FAC Filed:**      Aug. 14, 2015
**SAC Filed:**      Sept. 10, 2015
**TAC Filed:**      Feb. 16, 2016

20
21
22
23
24
25
26
27
28

---

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, Plaintiffs Dwight J. Freeney and Roof Group LLC (collectively, "Plaintiffs") and Defendants Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated (collectively, "Defendants") have entered into the concurrently filed Stipulation through their respective counsel of record;

WHEREAS, the Parties recognize that certain documents and information relevant to the above-captioned action may contain commercially sensitive business, personal and private information, including confidential proprietary information, protected health information, personal identifying and financial information, and information received from a non-party, the unrestricted disclosure or dissemination of which could subject them and/or others to commercial, competitive, and other injury that warrant special protection from public disclosure and improper use;

WHEREAS, the Parties desire to establish mechanisms and protocols that will permit the efficient exchange of such documents and information in this action while protecting the confidentiality of their contents and protecting themselves and others from the risk of misuse, unrestricted disclosure, and dissemination of such confidential, proprietary, and private information;

WHEREAS, the Parties have reviewed and agreed on the terms of this Proposed Protective Order;

GOOD CAUSE APPEARING THEREFOR, the Court hereby grants the Parties' request and enters the following Protective Order:

**A.    SCOPE.**

1.    This Protective Order is intended to serve as the initial protective order in this litigation.  Nothing herein shall prevent the Court from issuing additional protective orders, or from amending this Protective Order, either on its own initiative or upon a showing of good cause by a party.

**B.    DEFINITIONS.**

2.    As used in this Protective Order, the following terms shall have the

- 1 -

**[PROPOSED] PROTECTIVE ORDER**

188816.1

1    following meanings:

2         (a)    "Action" means the above-titled proceeding, *Dwight J.*

3    *Freeney, et al. v. Bank of America Corporation, et al.*, U.S. District Court for the

4    Central District of California, Case No. 2:15-CV-02376-JGB-PJW.

5         (b)    "Party" or "Parties" means Plaintiffs and Defendants in this

6    Action and their counsel of record.

7         (c)    "Non-Party" or "Non-Parties" means any natural person,

8    partnership, corporation, limited liability company, association, or other legal entity

9    that is not a Party, and their counsel.

10        (d)    "Materials" means:

11             (i)    Documents or information, including, without limitation, all

12   writings and duplicates thereof, electronically stored information, communications,

13   recordings, graphs, charts, photographs, correspondence, memoranda, reports,

14   summaries, notes and documents and information compiled or abstracted from other

15   documents or information;

16             (ii)    Discovery materials, including, without limitation,

17   documents produced in response to discovery requests or subpoenas in this Action

18   and responses to written discovery requests;

19             (iii)    Testimony, including, without limitation, transcripts,

20   recordings and videotapes of deposition and other testimony, declarations, affidavits

21   and other sworn statements; and

22             (iv)    Other tangible items.

23        (e)    "Confidential" means any Materials that constitute private

24   personal, identifying, financial, or medical information; confidential commercial,

25   financial, proprietary, or personnel information or trade secrets, whereby the

26   unrestricted disclosures or dissemination of such information to third parties could

27   adversely impact a Party or its business; or information that is subject to a preexisting

28   written confidentiality agreement.

**[PROPOSED] PROTECTIVE ORDER**

1          (f)    "Confidential Materials" means:

2              (i)    Any Materials or portions thereof produced by any Party

3    in connection with the Action that the producing Party reasonably and in good

4    faith believes are Confidential, as defined above, and is so designated by the

5    producing Party; and

6              (ii)    Copies, excerpts, abstracts, or summaries of such Materials

7    or portions thereof.

8          (g)    "Qualified Person" means:

9              (i)    The Parties, including the officers, directors, managing

10   agents, and in-house counsel and in house counsel's staff, including paralegals and

11   secretaries, of any corporate Party to whom disclosures is reasonably necessary for

12   this Action;

13             (ii)    Counsel of record for any of the Parties and counsels' staff,

14   including support personnel working under their direction and to whom counsel for

15   these Parties believes in good faith it is necessary to disclose Confidential Materials

16   for assistance in the representation of any of the Parties;

17             (iii)    Outside experts and consultants retained or consulted by the

18   Parties and/or their counsel whose opinions, advice, and/or consultation are being

19   sought or will be used by such Party in connection with this Action; *provided,*

20   *however*, that no Confidential Materials shall be disclosed to any outside expert or

21   consultant unless such person first completes and signs a written "Acknowledgement

22   and Agreement to Be Bound" form, a copy of which is attached hereto as Exhibit A

23   (which counsel of record shall be responsible for maintaining); and

24             (iv)    Prospective fact witnesses and their counsel to whom

25   counsel for a Party believes in good faith it is necessary to disclose Confidential

26   Materials in the course of investigating and developing facts relevant to this Action,

27   or to prepare the witness to testify in deposition, at a hearing, or at trial in connection

28   with this Action; *provided, however*, that Confidential Materials may be shown to,

**[PROPOSED] PROTECTIVE ORDER**

1  reviewed by, and/or discussed with only the witness and his or her counsel, and may

2  not be given to the witness and/or his or her counsel to retain permanently.

3  **C.    DESIGNATION OF "CONFIDENTIAL MATERIALS."**

4        3.      A Party producing Materials in connection with this Action shall

5  designate Confidential Materials by placing the clear and permanent legend

6  "CONFIDENTIAL PER PROTECTIVE ORDER" on each page of the document or

7  physical object before or contemporaneously with its production.

8        4.      Testimony given in a deposition in connection with this Action may be

9  designated as Confidential Materials by a Party by notifying the other Parties before

10 the close of the deposition of his, her, or its intention to designate some or all of the

11 testimony as Confidential Materials.  That Party, or any other Party, will then have

12 fourteen (14) days from transmittal of the original deposition transcript to provide

13 written notice to the other Parties of the specific portions of the transcript he, she, or

14 it is designating as Confidential Materials, unless the Parties agree in writing to

15 extend that time period.  Testimony provisionally designated as Confidential Material

16 will be treated as Confidential Materials pending expiration of the time for providing

17 written notice designating specific portions of the transcript as such.  If no such

18 written notice is timely provided, then the entire transcript shall no longer be

19 considered Confidential Materials; *provided, however*, that any exhibits marked

20 during the deposition that had previously been designated as Confidential Materials

21 will remain so designated.

22       5.      A Party may make Materials available for inspection prior to the

23 placement of a "CONFIDENTIAL" legend thereon, without thereby waiving the

24 protections of this Protective Order.  Thus, the designating Party may advise the

25 requesting Party that some or all of the Materials to be produced for inspection are

26 designated as Confidential pursuant to this Protective Order and that the information

27 or materials may be inspected by a Party only in a manner that is consistent with the

28 terms of this Protective Order.  After the inspection, the designating Party may then

- **4** -
**[PROPOSED] PROTECTIVE ORDER**

1  designate the Materials by marking them with a legend indicating their

2  confidentiality prior to delivery of copies to the requesting Party's counsel.  In such

3  cases, permitting such initial inspections shall not constitute waiver of confidentiality

4  with respect to any Material so inspected.

5  **D.    USE OF "CONFIDENTIAL MATERIALS."**

6      6.    Any Materials designated as Confidential Materials may be disclosed or

7  otherwise made available to only the following persons for use in connection with

8  prosecuting, defending, or settling the disputes at issue in this Action:

9          (a)    Qualified Persons;

10          (b)    The Court and court personnel;

11          (c)    Court reporters, videographers and their staff;

12          (d)    Vendors hired by a Party to provide necessary litigation support

13  services in connection with this Action, such as photocopying, scanning, preparing

14  exhibits and demonstrative aids, and searching, storing, retrieving, or restoring

15  data; and

16          (e)    Any mediator or settlement judge appointed by the Court or

17  agreed upon by the parties, and any arbitrator(s) or judicial referee(s) and their

18  personnel in the event any portion of this Action is subject to arbitration and/or

19  judicial reference.

20      7.    Any Qualified Person to whom Materials designated as Confidential

21  Materials are produced or otherwise disclosed shall not use the Materials for any

22  purpose other than in prosecuting, defending, or settling the disputes at issue in this

23  Action.

24      8.    A Qualified Person receiving Confidential Materials shall store and

25  maintain them at a location and in a manner reasonably designed to limit access to

26  those Materials to authorized persons, and to avoid unauthorized disclosures of such

27  Materials.

28      9.    Confidential Materials may be used or submitted to the Court in

connection with any filing or proceeding in this litigation, prior to the commencement of any trial.  A Party wishing to file Confidential Materials subject to this Protective Order with the Court shall lodge them under seal with the Court pursuant to the requirements of Local Rule 79-5.  The designating Party shall file an application and proposed order with the Court that justifies maintaining the document under seal pursuant to the requirements of Local Rule 79-5.  Parties shall request to file under seal only the portions of such documents that contain Confidential Materials, and the designating Party shall provide any supporting declarations or other documentation necessary to support the request to file Confidential Materials under seal.  If the Court declines to issue a sealing order, the Confidential Materials at issue may be filed in the public record, unless the Court directs otherwise.

10.     Nothing in this Protective Order is intended to restrict the use or disclosure by any Party or witness of any Confidential Materials that the Party or witness possessed or obtained independently, other than in the course of discovery in this Action, regardless of whether such Materials are also produced in the course of this Action.

11.     This Protective Order does not apply to or limit the use of Confidential Materials at any trial.  Absent a court order based upon a sufficient and particularized showing of cause, all Confidential Materials presented at any trial of this Action will become a matter of public record and be available to members of the public and the press.

**E.     NON-PARTY "CONFIDENTIAL MATERIALS."**

12.     The terms of this Protective Order are applicable to Materials produced in connection with this Action by a Non-Party when those Materials have been designated as Confidential Materials by either the Non-Party or by the Party producing the Materials.

13.     A Non-Party may designate Materials to be produced to a Party as Confidential Materials by following the procedures set forth in this Protective Order

- 6 -
**[PROPOSED] PROTECTIVE ORDER**

1    for so designating such Materials.

2       14.    In the event a Party is required in the course of discovery to produce

3    Confidential Materials received from a Non-Party pursuant or subject to a

4    pre-existing written confidentiality agreement with the Non-Party, the producing

5    Party shall promptly notify the requesting Party and the Non-Party, in writing, of the

6    discovery request, the confidentiality agreement and the Materials that the producing

7    Party reasonably and in good faith believes are subject to both.

8       15.    The Non-Party will then have fourteen (14) days from receiving such

9    notice to either: (a) request that the Party which received the discovery request

10   designate the Materials subject to the confidentiality agreement as Confidential

11   Materials before producing them; or (b) seek a protective order from the Court

12   prohibiting or limiting the production of the Materials subject to the confidentiality

13   agreement.  Any motion or application to seek a protective order from the Court

14   pursuant to this paragraph shall be set on the first available hearing date.

15      16.    If the Non-Party fails to timely do either, the Party receiving the

16   discovery request shall produce any such Materials, and may produce such Materials

17   without designating them as Confidential Materials.

18      17.    If the Non-Party timely seeks a protective order, the Party which

19   received the discovery request shall not produce any of the Materials at issue until the

20   Court rules on the motion.  Absent a court order to the contrary, the Non-Party shall

21   bear the burden and expense of seeking protection under this Order for its

22   Confidential Materials.

23   **F.    UNAUTHORIZED DISCLOSURE OF "CONFIDENTIAL**

24       **MATERIALS."**

25      18.    In the event that a Party inadvertently discloses Confidential Materials to

26   persons other than those identified in paragraph 6, above, the disclosing Party shall

27   do all of the following immediately:

28          (a)    Notify the other Parties in writing of the unauthorized disclosure;

**[PROPOSED] PROTECTIVE ORDER**

1        (b)    Use his, her, or its best efforts to retrieve all copies of the

2  Confidential Materials disclosed without authorization;

3        (c)    Inform the person(s) to whom the unauthorized disclosure was

4  made of the terms of this Protective Order; and

5        (d)    Request that such person(s) execute the "Acknowledgement and

6  Agreement to Be Bound" form attached hereto as Exhibit A.

7        19.    Thereafter, the disclosing Party shall advise the other Parties of his,

8  her, or its efforts to retrieve the disclosed Confidential Materials and the results of

9  those efforts.

10  **G.    OBJECTING TO A PARTY OR NON-PARTY'S DESIGNATION OF**

11  **MATERIALS AS "CONFIDENTIAL MATERIALS."**

12        20.    If, upon review, any Party believes that any Materials designated as

13  Confidential Materials should not have been so designated, the receiving Party may

14  object to the designation by notifying the designating Party in writing.  Within five

15  (5) days following notification of the challenge of the "CONFIDENTIAL"

16  designation, the designating Party will set forth in writing information necessary for

17  the challenging Party to assess the propriety of the "CONFIDENTIAL" designation.

18  Within five (5) days of the challenging Party's receipt of this information, the Parties

19  shall confer to determine if the information resolves the matter.  If no resolution can

20  be reached following such good faith conferral, the challenged Materials shall no

21  longer be considered Confidential unless, within fifteen (15) days of the Parties'

22  conference, the designating Party prepares and files a motion under Local Rule 37-1–

23  37-4 asking the Court to rule on the designation, and in such instance all of the

24  Materials at issue shall continue to be treated as Confidential Materials pending

25  resolution of the dispute by the Court.  Nothing herein shall require a Party to object

26  to a designation under this paragraph prior to using or submitting Confidential

27  Materials to the Court pursuant to paragraph 9.

28        21.    At all times, the Party seeking to maintain a document as Confidential

- **8** -

**[PROPOSED] PROTECTIVE ORDER**

1   bears the burden of proving that the Materials are or contain information that is

2   Confidential, as defined above.

3         22.     The Court retains final authority to determine what are or are not

4   Confidential Materials for purposes of this Protective Order, and to remove the

5   Confidential Materials designation from any Materials as necessary to protect the

6   public interest.

7         23.     If there is a judicial determination that Materials designated as

8   Confidential Materials are not subject to the protections of this Protective Order, to

9   the extent the Materials have been labeled as Confidential Materials, the Materials

10  shall be reproduced without any such designation within fourteen (14) days after the

11  Court's determination, unless the Parties agree or the Court directs otherwise.

12        24.     These same procedures shall apply where a Party objects to a

13  Non-Party's designation of Materials as Confidential Materials.

14  **H.**     **INADVERTENT PRODUCTION OF MATERIALS WITHOUT THE**

15            **"CONFIDENTIAL MATERIALS" DESIGNATION.**

16        25.     The inadvertent production of any Materials in connection with this

17  Action without a "CONFIDENTIAL PER PROTECTIVE ORDER" designation shall

18  be without prejudice to any claim by the producing Party that such Materials are and

19  should have been designated as Confidential Materials.  In such circumstances the

20  producing Party shall not be deemed to have waived any rights under this Protective

21  Order to designate the Materials as Confidential Materials.

22        26.     In the event that such inadvertent production occurs, counsel for the

23  producing Party shall promptly designate the Materials as Confidential Materials

24  pursuant to the procedures set forth in this Protective Order.

25  **I.**     **ORDER SURVIVES THE FINAL DISPOSITION OF THE ACTION.**

26        27.     Any Confidential Materials that a Party received in connection with this

27  Action and retains after the final disposition of this Action, and that did not become a

28  matter of public record, shall remain subject to the terms of this Protective Order,

**[PROPOSED] PROTECTIVE ORDER**

1  which terms shall remain in force and effect until the Court directs or the Parties

2  agree otherwise in writing.

3  **J.      NO WAIVER OR ADMISSION.**

4          28.      Nothing in this Protective Order is intended to waive, abridge, alter, or

5  limit: (1) any Party's right, ability, or opportunity to object to the production of

6  Materials sought in the course of discovery in this Action based upon the assertion of

7  a privilege, protection, or immunity recognized by law, including, but not limited to,

8  the attorney-client privilege and the attorney work product protection; (2) any Party's

9  right to contest any such objection or assertion; (3) Defendants' right, ability, or

10  opportunity to object to any discovery taking place prior to the Court ruling on

11  Defendants' motions to compel arbitration and/or judicial reference; and

12  (4) Defendants' right, ability, or opportunity to move to have this dispute arbitrated

13  or decided by other means of alternative dispute resolution.

14          29.      By production under this Protective Order, no Party is admitting,

15  conceding, or acknowledging that any particular Materials constitute, contain, or

16  reflect private personal, financial, or medical information; confidential commercial,

17  financial, proprietary, or personnel information or trade secrets; or information that is

18  subject to a preexisting written confidentiality agreement.

19          **IT IS SO ORDERED.**

20

21
Dated:  February 26, 2016

22                                                    _____

23                                                    Honorable Patrick J. Walsh
                                                      United States Magistrate Judge
24

25  Respectfully submitted,

26  By ___ */s/ Jeffrey B. Isaacs* _____

27        Jeffrey B. Isaacs, Esq.
          ISAACS | FRIEDBERG LLP
28        *Attorneys for Dwight J. Freeney and*
          *Roof Group LLC*

- **10** -
**[PROPOSED] PROTECTIVE ORDER**

1

2

By ___/s/ *Amy R. Lucas*

3      Amy R. Lucas, Esq.
     O'MELVENY & MYERS LLP

4      *Attorneys for Defendants Bank of America Corporation*
     *Bank of America, NA, and*

5      *Merrill Lynch, Pierce, Fenner & Smith Incorporated*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- **11** -

**[PROPOSED] PROTECTIVE ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury under the laws of the United States that:

1.      My present employer is _____.

2.      My present occupation or job description is _____

_____

_____.

3.      I HEREBY CERTIFY AND AGREE that I am about to receive Confidential Materials in connection with the federal civil case entitled, *Dwight J. Freeney, et al. v. Bank of America Corporation, et al.*, U.S. District Court for the Central District of California, Case No. 2:15-CV-02376-JGB-PJW.

4.      I understand that these Confidential Materials are being provided to me subject to the terms and restrictions of the Protective Order that has been entered in this case.  I have been given a copy of the Protective Order, I have read it, I understand it and I agree to be bound by its terms.

5.      I understand that Confidential Materials, as defined in the Protective Order, include any notes, summaries, abstracts, or reports made from any such Confidential Materials.  I further understand that all Confidential Materials I receive or may generate shall not be disclosed to anyone except as expressly permitted by the Protective Order.  I will copy or use any Confidential Materials received pursuant to the Protective Order only for purposes relating to this case, and only as permitted by the terms of the Protective Order, unless otherwise ordered by the Court.

6.      I further understand that I am to maintain all copies of all Confidential Materials received or generated by me in the case in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this case, whereupon the copies of such Materials will be returned to

**[PROPOSED] PROTECTIVE ORDER**

1 counsel who provided them to me or destroyed in accordance with the terms of the

2 Protective Order.

3        Executed this __ day of _____, 201___, at _____.

4

5 BY:   _____          _____
       Signature                              Street Address

6      _____          _____

7      Title                                 City, State, Zip Code

                                              _____
8                                             Telephone Number

9                                             _____
                                              Email Address

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] PROTECTIVE ORDER**